**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KRISHNA REDDY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NUANCE COMMUNICATIONS, INC.; et al., <br><br> Defendants - Appellees. | No. 13-15097 <br><br> D.C. No. 5:11-cv-05632-PSG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding[**]

Submitted July 22, 2014[***]

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Krishna Reddy appeals pro se from the district court's order denying her

motion for appointment of counsel in her Title VII action alleging, among other

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

federal and state law claims, employment discrimination and wrongful termination. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981), and we affirm.

The district court did not abuse its discretion by denying Reddy's motion for appointment of counsel because Reddy failed to demonstrate that she made sufficient efforts to secure counsel, that her claims have merit, and that she is hampered by a language barrier or another significant disadvantage in being able to pursue this action. *See id.* (setting forth factors for court to assess in determining whether to appoint counsel for actions involving claims under Title VII).

As set forth in our March 29, 2013 order, the scope of this appeal is limited to reviewing the district court's denial of Reddy's motion for appointment of counsel, and we do not consider Reddy's arguments regarding the district court's allegedly improper denial of her motions for disqualification and default judgment.

We reject Reddy's contentions regarding the recusal of all "Republican President-nominated" judges on this court; our alleged authority to review non-appealable interlocutory orders by treating her appeal as a Petition for Writ of Mandamus under 28 U.S.C. § 1651; sanctions against defendants and their counsel for their allegedly intentional misrepresentations and bad faith litigation tactics in

this action; and the reassignment of her case to a different district court judge.

Reddy's request for an order requiring defendants to pay the filing fees we waived for her appeal, set forth in her opening and reply briefs, is denied.

**AFFIRMED.**